DE GRAZIA v. RUDDEN.

(Supreme Court, Appellate Term. May 19, 1904.)

1. MASTER AND SERVANT—INJURIES TO THIRD PERSON—PROOF OF RELATION.
   Evidence examined, and *held* insufficient to establish that the person in charge of the coach by which plaintiff was struck was in defendant's employ at the time of the accident.

Appeal from City Court of New York, Trial Term.

Action by Guisseppe De Grazia against Thomas Rudden. From a City Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Patrick J. O'Beirne, for appellant.
Palmieri & Wechsler, for respondent.

FREEDMAN, P. J. Defendant's motion at the close of plaintiff's case for a dismissal of the complaint should have been granted. The plaintiff testified that he was knocked down by a team of horses attached to a coach, and that the number 2,251 was on the lamp of the coach. He then showed, by a clerk in the mayor's license bureau, that under this number a license had been issued to the defendant for a special cab, which is a one-horse vehicle. There being no further evidence to connect the defendant with the coach in question, and no testimony as to who employed the driver, and all the evidence being to the effect that it was a team attached to a coach, and not a one-horse vehicle, that did

the injury, a prima facie case against the defendant was not made out. Nor was the defect supplied afterwards, for the testimony given by and on behalf of the defendant is all to the effect that the number of the coach which knocked plaintiff down was No. 2,156; that the said coach and horses were at the time driven by a servant of, and owned by, one Wheeler, who, although he was defendant's superintendent, carried on an independent business with said coach and horses; and that for years said coach had been run under a license issued to Wheeler.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.